# Richmond.

## McCarty v. Ball.

### February 10th 1887.

### Absent, Lewis, P.

1. CHANCERY PRACTICE—*Statute of limitations.*—Courts of equity follow the law as respects this statute. If a legal claim, barred at law, is asserted in equity, it is equally barred there.
2. JUDGMENT LIENS—*Enforcement in equity.*—These liens are creatures of statute, and cannot be enforced in equity after they have ceased to be enforceable at law. *Hutcheson* v. *Grubbs*, 80 Va. 251.

Appeal from decree of circuit court of Richmond county, rendered April 19th, 1883, in the cause the style whereof is "James K. Ball, trustee, &c., against James B. McCarty," wherein A. F. Yerby, administrator of A. O. Yerby, deceased, on April 18th, 1880, filed his petition to be made a party as a judgment creditor of W. W. Douglass, no execution having been issued on the said judgment, which was rendered March 4th, 1867. Yet the circuit court decided that the judgment was a lien and enforceable on certain real estate as the property of Douglass. From this decree McCarty, who had purchased said real estate from Douglass, appealed to this court.

Opinion states the case in full.

*Ro. Mayo,* for the appellant.

*Thomas Croxton,* for the appellee.

Fauntleroy, J. delivered the opinion of the court.

The object of this suit is for a sale of realty, and a division of the proceeds between Ball, trustee, for certain infants, who own *one-third* of the said realty, and James B. McCarty, who owns *one other third* in his own right, and another third as purchaser from W. W. Douglass, sold and conveyed to the said McCarty September 7th, 1869, by the said Douglass, the then owner thereof. On the fourth of March, 1867, A. F. Yerby, as administrator of A. O. Yerby, deceased, recovered by confession a judgment against the said W. W. Douglass, for the sum of $710.28, with interest thereon from the ——— day of———, and the costs, $5.22, which amounted on April 18th, 1880, to the sum of $1,479.43. The said judgment was docketed on the fifth of March, 1867, but no execution was ever issued on it. The said A. F. Yerby, administrator of A. O. Yerby, filed his petition to be made a party to this suit, as a creditor of the said W. W. Douglass, by reason of his judgment aforesaid, and claims to be entitled, by reason of the lien of his said judgment, to the proceeds of the one-third interest sold by Douglass to McCarty as aforesaid. After his said judgment against Douglass had been obtained and duly docketed, McCarty answered the said petition of Yerby's administrator, and set up three defences, viz: (1). That no execution had ever issued on the said judgment of Yerby's administrator against Douglass, and that all right of action thereon, either at law or in equity, is barred by the statute of limitations; (2). That the said Douglass was, at the time he sold the said one-third interest in the realty to him, the said McCarty, for a full and valuable consideration, seized and possessed of other real estate more than sufficient to have paid the said judgment several times over; and that the law required that Yerby's administrator should exhaust his remedy against that real estate before

he could be allowed to proceed against the one-third interest of the undivided mill property sold by said Douglass to the said McCarty for value—Code Va. 1873, ch. 182, sec. 10; (3). That the said Douglass, as far back as 1872, had conveyed to one Thomas Jones, as trustee, for the benefit of said Yerby's administrator and other creditors of the said Douglass, ample property to have paid the said judgment; and that said Yerby's administrator had shown by his conduct that he had accepted the provision made for his judgment in the said deed of trust; and that if, by reason of his delay in enforcing the same, the property conveyed had depreciated in value, while the judgment debt had increased by accumulation of interest, he, an innocent purchaser for value, should not be made to lose by the laches of the judgment creditor in enforcing his claim.

The circuit court overruled all these defences, and decreed that the aforesaid judgment against Douglass, in favor of Yerby's administrator, is a subsisting lien upon the one-third interest of the said Douglass in the said realty; and that the proceeds of the sale of the said one-third interest should be paid to the said Yerby's administrator on account of his said judgment. The statute (Code 1873, ch. 182, secs. 12, 13) expressly declares that no execution shall issue, nor any *scire facias* or action be brought, on a judgment in this State, such as this judgment, after the lapse of ten years from the return-day of an execution on which there is no return by an officer, or after twenty years from the return-day of an execution on which there is such return. The judgment in question in this case was obtained March 4th, 1867. No execution was ever issued on it, and no attempt of any sort made to enforce it, until April 13th, 1880, a period of over thirteen years, and no hinderance or obstacle to enforcement existing, nor even alleged.

The judgment sought to be enforced in equity in this suit was dead in law, and directly and expressly barred by the statute;

and, being so barred by the law, it is equally barred in equity. *Cole's Adm'r* v. *Ballard*, 78 Va. 149. Citing *Rowe* v. *Bentley*, 29 Gratt. 756–759; *Hutcheson* v. *Grubbs*, 80 Va. 251. This conclusion, already reached, that the circuit court erred in overruling the defence of the statute of limitations, set up in the answer of McCarty to the petition of Yerby's administrator, and in holding that the judgment obtained in 1867, and no execution ever having been issued upon it, is a binding and enforceable lien in 1880 upon the one-third interest of the said Douglass in the realty sold by him to a *bona fide* purchaser for value, renders it unnecessary to pass upon the other errors assigned.

The decree complained of is wholly erroneous, and must be reversed and annulled. And this court, proceeding to enter such decree as the circuit court of Richmond county should have entered, will order that the petition filed by the defendant in error in the cause be dismissed, with costs in favor of the appellants.

Dᴇᴄʀᴇᴇ ʀᴇᴠᴇʀsᴇᴅ.